**Javed IMRAN, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Department of Justice, Michael Chertoff, U.S. Department of Homeland Security, Respondents.**

**No. 06–0265–ag.**

United States Court of Appeals, Second Circuit.

Sept. 14, 2006.

Sandra P. Nichols, New York, NY, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Roger L. McRoberts, Assistant United States Attorney, Lubbock, TX, for Respondents.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Javed Imran, a native of Pakistan, seeks review of a December 23, 2005 order of the BIA affirming the July 9, 2004 decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Javed Imran*, No. A 79 108 751 (B.I.A. Dec. 23, 2005), *aff'g* No. A 79 108 751 (Immig. Ct. N.Y. City July 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). A determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard ... constitutes *legal*, not factual error." *Secaida–Rosales v. I.N.S.*, 331 F.3d 297 (2d Cir.2003); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted).

Assuming Imran to have been found by the IJ to be credible, substantial evidence supports the IJ's determination that he failed to provide sufficient proof to establish eligibility for relief. To constitute persecution, mistreatment must be sufficiently severe to rise above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006); *Tian–Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir. 2004). Imran was never personally threatened by anyone in Pakistan, and there is no evidence to indicate that were he forced to sell his land, he would suffer severe economic deprivation or any other kind of persecution. In addition, Imran stated that no one in his family, other than his grandfather, ever had any problems with Hindus in the Punjab. Substantial evidence also supports the IJ's finding that Imran could have safely relocated to another part of Pakistan. He testified that

**44**

Hindus were powerful only in a "specific area .... [in the] southeast zone of Punjab," where the land in question was located. We agree that Imran provided insufficient evidence that the regionally powerful Hindus in the Punjab could reach him in other parts of Pakistan.

Because substantial evidence supports the IJ's findings that Imran failed to establish eligibility for asylum, we do not reach the question of whether Imran's status as a Muslim landowner in southeastern Punjab constitutes a particular social group. In addition, we note that Imran failed to raise a withholding or CAT claim before this Court, and those issues are therefore considered waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).